**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBIE WARREN (d/b/a Warren & Associates) & ALICIA LEWIS, | ) ) ) | |
| Plaintiffs, | ) ) | No.    08 C 1381 |
| v. | ) ) ) | Judge Moran |
| AARP (Health Care Options) LONG-TERM INSURANCE & METLIFE (Providers); LINDA LANZA (Nurse Care Advisor), | ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## METLIFE'S AND LINDA LANZO'S MOTION TO DISMISS THE COMPLAINT

Defendants, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and LINDA LANZO (collectively, "defendants"), by their attorneys, Michael J. Smith and Warren von Schleicher, hereby submit their Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and in support hereof, state as follows:

1.  The plaintiffs in this lawsuit are Bobbie Warren and Alicia Lewis. Bobbie Warren is a member of the American Association of Retired Persons ("AARP"). Alicia Lewis is believed to be Bobbie Warren's adult daughter.

2.  In their *pro se* Complaint, Bobbie Warren and Alicia Lewis seek to recover damages in excess of $12 Million from the AARP, MetLife, and Linda Lanzo individually.[1]

3.  Despite the enormity of their claimed damages, the plaintiffs' Complaint consists merely of a list of labels and conclusions such as "tort," "personal abuse/harm," "health injuries" and "suffering." The Complaint simply fails to provide fair notice of the nature of the claims

---

[1] Although not alleged in the Complaint, for background purposes, MetLife issued a group long term care insurance policy to AARP, and Bobbie Warren has a certificate of insurance thereunder. Linda Lanzo is a registered nurse employed by MetLife as a Nurse Care Manager.

asserted, and the nature of the conduct that purportedly gives rise to those claims.

4. In order to survive a motion to dismiss, a complaint "requires more than labels and conclusions[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S.Ct. 1955, 1965 (2007). Rather, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level[.]" *Id*. As explained by the Court in *Twombly*:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also the "grounds" on which the claim rests.

*Id*., at 1964. *See also Houston v. Markey*, No. 06 C 5773, 2008 WL 820529, at *3 (N.D. Ill. Mar. 25, 2008) ("[A] conclusory allegation or formulaic recitation of elements of a claim is inadequate to state a claim under Federal pleading standards.") (*citing Twombly*, 127 S.Ct. at 1966).

5. Although *pro se* complaints are construed more liberally than complaints drafted by counsel, *Pugh v. Tribune Co.*, Nos. 06-3898, 06-3909, -- F.3d --, 2008 WL 867739, at *9 (7th Cir. Apr. 2, 2008) (*citing Alvarado v Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)), the complaint nonetheless must give "fair notice" of the claims asserted and state a plausible right to relief. *Twombly*, 127 S.Ct. at 1964.

6. In the case *sub judice*, the allegations of the Complaint are so cursory that they are fully set forth below:

> I. Tort; personal abuse/harm; health injuries; suffering;
>
> II. Dereliction of professional duties; disservice;
>
> III. Distortion of the truth to Plaintiffs and others;
>
> IV. Elimination & reduction of business opportunities.

(Complaint, attached hereto as Exhibit A). Based on these threadbare allegations, the Complaint

demands payment of $12,156,000.00 in damages for "Professional Malpractice, Abuse and Harassment."

7.   The Complaint fails to contain any allegations whatsoever that link Bobbie Warren's and Alicia Lewis's alleged damages to any actionable conduct on the part of MetLife and Nurse Lanzo, in her individual capacity.

8.   Even if the plaintiffs were to obtain leave to file an amended complaint in order to state a claim to recover insurance benefits based on breach of contract, Nurse Lanzo is not a proper defendant.  It is well established under Illinois law that an insurance policy is a contract between the insured and the insurer.  *Copley v. Pekin Insurance Company*, 111 Ill.2d 76, 488 N.E.2d 1004 (1986).  A cause of action for breach of contract may be asserted only against a party to the contract.  *Kaplan v. Shure Brothers, Inc.*, 266 F.3d 598 (7th Cir. 2001).

9.   Even under the federal notice pleading standard, the Complaint filed by Bobbie Warren and Alicia Lewis fails to state a cognizable claim.  As the Seventh Circuit observed in *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007), "[t]he factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *See also Limestone Development Corp. v. Village of Lemont*, No. 07-1438, -- F.3d --, 2008 WL 852586, at *5 (7th Cir. Apr. 1, 2008) ("[A] a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.") (*citing Twombly*, 127 S.Ct. at 1967).[2]

---

[2] Although the Complaint names AARP as a defendant, there is an issue as to whether AARP is properly named as a defendant.  The plaintiffs erroneously attempted to accomplish service upon AARP by delivering a copy of the Summons and Complaint to MetLife.  MetLife, however, is not the registered agent of AARP, and MetLife is not authorized to accept service of summons on AARP's behalf.

WHEREFORE, defendants, METROPOLITAN LIFE INSURANCE COMPANY and LINDA LANZO, respectfully request that the court enter an order dismissing the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Michael J. Smith
Warren von Schleicher          By:   /s/ Michael J. Smith
Smith, von Schleicher & Associates      Attorney for Defendants, Metropolitan Life
39 S. LaSalle St., Suite 1005          Insurance Company and Linda Lanzo
Chicago, Illinois  60603
(312) 541-0300

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  In addition, I hereby certify that I have served a paper copy of the electronically filed document, via U.S. Mail, postage pre-paid, on the following individuals:

Bobbie Warren
Alicia Lewis
4120 S. Indiana Ave., #301
Chicago, Illinois  60653

                Respectfully submitted,

                /s/ Michael J. Smith

                Smith, von Schleicher & Associates
                39 S. LaSalle St., Suite 1005
                Chicago, Illinois  60603
                (312) 541-0300
                (312) 541-0933 Facsimile
                E-Mail:  michael.smith@svs-law.com
                ARDC #2649691