IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBIE WARREN (d/b/a Warren & Associates) & ALICIA LEWIS, </br></br> Plaintiffs, </br></br> vs. </br></br> AARP (Health Care Options) LONG-TERM INSURANCE & METLIFE (Providers); LINDA LANZA (Nurse Care Advisor), </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) No. 08 C 1381 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### MEMORANDUM OPINION AND ORDER

This complaint has two pro se plaintiffs, but the pleadings refer only to one, Bobbie Warren, and only she has signed the complaint. In its entirety, the complaint reads as follows:

> This matter coming before the Court on Complaints of the Plaintiffs/Petitioners regarding inflictions caused by the Defendants/Respondents upon Plaintiffs/Petitioners involving,
>
> I. Tort, personal abuse/harm; health injuries; suffering;
> II. Doreliction of the truth of Plaintiffs & others;
> III. Distortion of the truth to Plaintiffs & others;
> IV. Elimination & reduction of business opportunities.
> (Attachment for compensation) B.W.

The attachment seeks $12,156,000.

Defendants removed the case from state to federal court and moved to dismiss. We granted the motion. Federal practice requires only notice, not fact, pleadings, and pro se litigants have some extra leeway, but the complaint here provided no notice of what the role of the respective defendants might have been and what it was that they did wrong or how it injured the plaintiffs. We dismissed the complaint.

That led plaintiff Bobbie Warren back to court with a motion for reconsideration. That could be characterized as a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure, and, if so, it comes too late. The dismissal was on April 16, 2008, and the motion was filed in May. The motion could, however, also be characterized as a motion for relief from a judgment or order under Rule 60(b)(6), "any other reason that justifies relief." We choose to so characterize it, as it is reasonably clear that plaintiff just does not understand what she is supposed to do.

We amend the dismissal to make it explicit that it is without prejudice, and to authorize plaintiff to file an amended complaint within 30 days. We suggest to plaintiff that she visit the people in the Clerk's office on the 20th floor of this building, who provide assistance to pro se parties. She has to do far more than she has done so far to properly allege claims against these defendants, but she is entitled to explain whether or not she can appropriately do so.

                                                                  _____
                                                                         JAMES B. MORAN
                                                            Senior Judge, U. S. District Court

_May 23_, 2008.