IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BOBBIE WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | No.   08 C 1381 |
| | ) | |
| v. | ) | |
| | ) | Judge Moran |
| AARP (Health Care Options) LONG-TERM INSURANCE & METLIFE (Providers); LINDA LANZA (Nurse Care Advisor), | ) ) ) ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

### METLIFE'S AND LINDA LANZO'S MOTION TO DISMISS
### THE AMENDED COMPLAINT

Defendants, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and LINDA LANZO ("Nurse Lanzo"), by their attorneys, Michael J. Smith and Warren von Schleicher, hereby submit their Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and in support hereof, state as follows:

1. The plaintiff, Bobbie Warren ("Warren"), in her *pro se* Amended Complaint, seeks to recover damages in excess of $12 Million from the American Association of Retired Persons ("AARP"), MetLife, and Nurse Lanzo individually.[1] Although both the original Complaint and Amended Complaint name AARP as a defendant, it does not appear that Warren has accomplished service upon AARP.[2]

---

[1] For background purposes, although not alleged in the Amended Complaint, MetLife issued a group long term care insurance policy to AARP, and Bobbie Warren has a certificate of insurance thereunder. Linda Lanzo is a registered nurse employed by MetLife as a Nurse Care Manager. The policy provides for an appeal procedure when an insured's claim has been denied. Warren failed to avail herself of the policy's appeal procedure. If Warren appealed, MetLife would evaluate the appeal.

[2] It appears that Warren erroneously attempted to serve AARP by delivering a copy of the Summons and Complaint to MetLife. MetLife, however, is not the registered agent of AARP, and MetLife is not authorized to accept service of summons on AARP's behalf.

2.     Despite the enormity of her claimed damages, Warren's Amended Complaint fails to provide fair notice of the nature of the claims asserted, and the nature of the conduct that purportedly gives rise to those claims.

3.     Although *pro se* complaints are construed more liberally than complaints drafted by counsel, *Pugh v. Tribune Co.*, Nos. 06-3898, 06-3909, -- F.3d --, 2008 WL 867739, at *9 (7th Cir. Apr. 2, 2008) (*citing Alvarado v Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)), a *pro se* complaint nonetheless must give "fair notice" of the claims asserted and state a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S.Ct. 1955, 1964 (2007).

4.     In order to survive a motion to dismiss, a complaint "requires more than labels and conclusions[.]" *Twombly*, 127 S.Ct. at 1965. Rather, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level[.]" *Id*. As explained by the Court in *Twombly*:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also the "grounds" on which the claim rests.

*Id*., at 1964. *See also Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007) ("[T]he factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

5.     While it appears that Warren endeavors to state a claim to recover insurance benefits based on breach of contract, she names as defendants not only the insurer, MetLife, but also the policy holder, AARP, and a nurse care manager employed by MetLife, Linda Lanzo, individually.

6.   The Amended Complaint fails to contain any allegations whatsoever that link Warren's alleged damages to any actionable conduct on the part of Nurse Lanzo, in her individual capacity.  It is well established under Illinois law that an insurance policy is a contract between the insured and the insurer.  *Copley v. Pekin Insurance Company*, 111 Ill.2d 76, 488 N.E.2d 1004 (1986).  A cause of action for breach of contract may be asserted only against a party to the contract.  *Kaplan v. Shure Brothers, Inc.*, 266 F.3d 598 (7th Cir. 2001).

7.   Moreover, Warren attempts to manufacture a tort claim against MetLife and Nurse Lanzo for "disservice," alleging that the defendants "robbed" her of her "self-sufficiency" and forced her to vacate her home.  (*See* Amended Complaint, Count IV, "Disservice").  Warren seeks damages for "home displacement," "home reestablishment" as well as "family financial reimbursements" apparently related to her family's living expenses.  Although Warren arguably may assert a breach of contract claim solely against MetLife, she cannot state a cognizable claim in tort against either MetLife or Nurse Lanzo.

8.   Defendants respectfully request dismissal of the Amended Complaint.  In addition, defendants request that Mrs. Warren be ordered to visit the *pro se* help desk in the Clerk's office to assist her in stating a cognizable breach of contract claim against the sole proper party, MetLife.

WHEREFORE, defendants, METROPOLITAN LIFE INSURANCE COMPANY and LINDA LANZO, respectfully request that the court enter an order dismissing the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

| | |
|---|---|
| Michael J. Smith<br>Warren von Schleicher<br>Smith, von Schleicher & Associates<br>39 S. LaSalle St., Suite 1005<br>Chicago, Illinois 60603<br>(312) 541-0300 | Respectfully submitted,<br><br><br>By:  \_\_/s/ Warren von Schleicher_____<br>       Attorney for Defendants, Metropolitan Life<br>       Insurance Company and Linda Lanzo |

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. In addition, I hereby certify that I have served a paper copy of the electronically filed document, via U.S. Mail, postage pre-paid, on the following individuals:

Bobbie Warren
c/o Alicia Lewis
1312 S. Finley Road. Apt. 1-N
Lombard, Illinois 60148-4342

                          Respectfully submitted,

                          /s/ Warren von Schleicher
                          Smith, von Schleicher & Associates
                          39 S. LaSalle St., Suite 1005
                          Chicago, Illinois 60603
                          (312) 541-0300
                          (312) 541-0933 Facsimile
                          E-Mail: warren.vonschleicher@svs-law.com
                          ARDC #6197189