IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBIE WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 C 1381 |
| ) | |
| AARP (Health Care Options) LONG- ) | |
| TERM INSURANCE & METLIFE ) | |
| (Providers); LINDA LANZA (Nurse ) | |
| Care Advisor), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bobbie Warren filed suit *pro se* in state court against the AARP, Metropolitan Life Insurance Company ("MetLife"), and Linda Lanzo, a Nurse Care Manager in the Benefit Administration Department of MetLife. Defendants MetLife and Lanzo removed the case to this court.[1] MetLife and Lanzo's motion to dismiss the complaint was granted, but the court allowed plaintiff 30 days to file an amended complaint that properly alleged claims against the defendants. Plaintiff submitted an amended complaint and defendants MetLife and Lanzo now move the court to dismiss that complaint for failure to state a claim upon which relief can be granted.

Complaints in federal court need only satisfy a notice pleading standard requiring that plaintiffs provide "fair notice" of their claims, and that recovery be "plausible." Fed. R. Civ. P. 8(a); Bell Atl. Co. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). *See also* Airborne Beepers & Video Co. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). The specificity

---

[1] It appears from the limited record before us that plaintiff has failed to properly serve the complaint on defendant AARP, the policyholder. In any event, no appearance has been filed on behalf of AARP and they are not a party to this motion.

required at the pleading stage is dependent on the complexity of the underlying case. Limestone Development Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803 (7th Cir. 2008). Because plaintiff is proceeding *pro se*, we have a special responsibility to liberally construe her complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiff's amended complaint, while still somewhat confusing at times, contains much more information than the original complaint. We are now able to decipher that this case revolves around the revocation of long term care benefits. On November 12, 2007, MetLife, the insurer, sent plaintiff a letter explaining that it had conducted a review of her case and determined that she was no longer eligible for benefits under her long-term care policy because she did not require human assistance to perform at least two activities of daily living, as required by the policy. The complaint goes on to allege that neither plaintiff nor her doctors were a party to any review, despite her requests that they be included, and that she needs help with multiple activities of daily living, including bathing, dressing, and eating.

We construe the complaint liberally, as we must, and find that plaintiff alleges a breach of contract claim arising from the revocation of her long term care benefits under the named policy. Further, we find that all the elements necessary to provide fair notice of the breach of contract claim to MetLife are present. The letter from MetLife that plaintiff attached to the complaint provides plaintiff's group and membership numbers. Plaintiff uses the definitions of "Activities of Daily Living" from the policy, and identifies which ones she cannot perform without assistance. For such a straightforward claim we cannot say that she was required to provide anything else to give MetLife fair notice and demonstrate that recovery is more than speculative. *See* Limestone, 520 F.3d at 803.

However, plaintiff may not proceed against Lanzo. Lanzo's name appears twice in the complaint – once as the signature on the November 12, 2007, letter from MetLife, and once as a reference to her status as the author of that same letter. Lanzo signed the letter in her capacity as a representative of MetLife, and plaintiff has provided no allegations that Lanzo took any other actions, whether on behalf of MetLife or individually. Even construing the complaint liberally, we find no allegations that put Lanzo on notice of any claim against her. Accordingly, the complaint is dismissed against Lanzo.

MetLife raises the concern that the complaint alleges liability in tort, in addition to breach of contract. They focus on language found in the complaint under the heading "Disservice," that reads: "The Defendants robbed me of self-sufficiency, independence, individuality, dignity, privacy, by causing me to vacate my home and community when it would have been so simple to honor my request, simply, to 'put what you want to assess in writing prior to your home visit for my doctor's collaboration.'" They also point to plaintiff's damages request, which exceeds $12 million. Even examining these two parts of the complaint together, we do not find any allegation under tort law. While the damages request is high, the "Disservice" section appears to simply be a further explanation of the circumstances surrounding and effects of the alleged breach.

Finally, we note that MetLife has repeatedly offered to evaluate an internal appeal of plaintiff's situation, but plaintiff refuses to complete the necessary paperwork in order to initiate such an appeal. She explains that based on her prior experiences with AARP and MetLife, she feels she cannot trust the appeal procedures. *See* Amended Complaint at 7. We encourage plaintiff to reconsider her decision. While she has provided sufficient information to survive a motion to dismiss, she will need to prepare and submit more detailed evidence in

order to succeed in this suit. An internal appeal with MetLife is bound to be less complicated and more expedient than pursuing litigation in federal court. We assume, for now, that we have jurisdiction to resolve this dispute, but that will have to be conclusively determined shortly.

*JAMES B. MORAN*
Senior Judge, U. S. District Court

Jan. 22, 2008.